UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

NICHOLAS DANIEL FRITSCH,

        Plaintiff,

        v.                        Case No. 24-cv-1444-bhl

SGT. GREEN, et al.,

        Defendants.

───────────────────────────────────────────────

## SCREENING ORDER

───────────────────────────────────────────────

Plaintiff Nicholas Daniel Fritsch, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Fritsch's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Fritsch has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Fritsch has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.61. Accordingly, the Court will grant Fritsch's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Fritsch is an inmate at the Green Bay Correctional Institution who has asthma. Dkt. No. 1. Defendants are Warden Chris Stevens, Sgt. Green, Capt. Van Lannen, Jane Doe Nurse, and John Does #1-3. *See* Dkt. No. 6. On April 11, 2024,[1] at around 10:00 a.m., three inmates got into a fight in front of Fritsch's cell in South Cell Hall. Dkt. No. 1 at 2. Fritsch was not a part of the fight; he was simply inside his cell at the time. *Id*. To contain the fight, Correctional Officer Torrez (not a defendant) had to deploy his pepper spray and CO Durren (not a defendant) had to deploy his mace. *Id*. Once the fight was over, CO Torrez stated, "I had to empty that bitch." *Id*. Because the incident occurred right in front of Fritsch's cell, Fritsch's body was completely covered in pepper spray and mace. *Id*. Fritsch asked John Doe #1 for a shower to wash off the pepper spray/mace, but John Doe #1 denied the request. *Id*.

About an hour later, at 11:00 a.m., a different inmate entered Fritsch's cell and assaulted him. *Id*. at 2-3. This assault was unrelated to the fight in front of his cell earlier that day. *Id*. Fritsch suffered severe injuries, including ringing in his ears, headache, confusion, nausea, and bleeding from his body and his eye. *Id*. at 3. CO Torrez and CO Durren came back to Fritsch's cell and deployed their entire bottle of pepper spray/mace again to contain the assault. *Id*. This time, because they deployed the pepper spray/mace while inside his cell, the pepper spray/mace completely covered Fritsch's bed, desk, sink, and all open surfaces, including his linens and clothing. *Id*. Fritsch again made several requests to shower to wash off the pepper spray/mace,

---

[1] Fritsch's handwriting is difficult to read. *See* Dkt. No. 1. The date on the complaint appears to be "4-11-24," but it could also be "9-11-24." *See id*. at 2 & 6. The specific date does not affect the analysis for purposes of this screening order; and the parties should use discovery to clarify the date.

but John Doe #2 denied the request. *Id*. Fritsch also asked Captain Van Lannen and John Doe #3 (the cage officer) for a shower, and they too denied the request. *Id*.

About two hours later, at 12:45 p.m., Fritsch was finally let out of his cell to see the Health Services Unit (HSU) and to then take a shower. *Id*. at 4. While he was waiting at HSU, correctional officers plugged their noses and moved him away from the fan because the smell of pepper spray/mace emanating from his body was so pungent that they could not tolerate it. *Id*. at 5. Fritsch was in HSU with Jane Doe Nurse "for about one minute" before correctional staff pulled him out for a scheduled pretrial conference in one of his lawsuits. *Id*. at 4. At about 1:30 p.m., after the court proceeding ended, Fritsch was finally able to shower. *Id*. at 4-5. He was then sent back to his cell, which still had not been cleaned. *Id*. at 5.

Later in the day, Fritsch was moved to a different unit. *Id*. His new cellmate immediately started complaining about the pepper spray/mace that covered all of Fritsch's property. *Id*. Fritsch complained to Sgt. Green, who directed him to wash his linens, blankets, and clothing in the cell sink with a small bar of soap. *Id*. Fritsch explains that the water in the sink is only luke-warm and functions similar to a "bubbler" or a water fountain. *Id*. In other words, there was no way that multiple linens (pillow-cases, sheets, a bed cover, etc.), a thick blanket, and various pieces of clothing could have been washed with a bar of soap in the sink in his cell. *Id*. Sgt. Green told Fritsch that the Bath House Sergeant had ordered that he wash his items in that way. *Id*. However, Fritsch later spoke to the Bath House Sergeant, who told him that he would never say that, and to send the items to the Bath House instead. *Id*. Fritsch had to use pepper spray/mace covered linens, blankets, and clothing for eight days before he finally received clean items. *Id*. at 5-6. Fritsch reiterates that he has asthma and states that his nose continuously expelled "black blood" during this time. *Id*. Fritsch was also later diagnosed with a left orbital fracture from the fight. *Id*. at 6.

4

He states that Jane Doe Nurse (who treated him "for about a minute" in the HSU on April 11) "never sent me off grounds." *Id*. He states that he could have gone blind and was clearly suffering a concussion. *Id*. For relief, Fritsch seeks monetary damages. *Id*. at 8.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state an Eighth Amendment conditions of confinement claim, Fritsch must allege: (1) the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities;" and (2) the defendant acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987)). "Deliberate indifference…means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend*, 522 F.3d at 773.

Fritsch alleges that Sgt. Green forced him (or tricked him) into using pepper spray/mace covered linens, blankets, and clothing for eight days. He states that Sgt. Green directed him to wash the pepper spray/mace items in his sink with a small bar of soap, a task that was both unnecessary because the Bath House could easily accommodate the cleaning and nearly impossible given the volume of the items that needed to be washed, along with the weak water pressure and

5

temperature. Fritsch states that these circumstances continuously triggered his asthma and caused "black blood" to come from his nose for eight days. Based on these allegations, the Court can reasonably infer that Sgt. Green may have been deliberately indifferent towards Fritsch's conditions of confinement. Therefore, Fritsch may proceed on an Eighth Amendment conditions of confinement claim against Sgt. Green in connection with allegations that Fritsch had to use pepper spray/mace covered linens, blankets, and clothing for eight days at the Green Bay Correctional Institution.

The Court will dismiss the remainder of the defendants from the case. Fritsch alleges no facts at all about Warden Stevens. The fact that Warden Stevens is a supervisor at the institution does not make him liable for the actions of others. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Further, Fritsch's only allegation against Jane Doe Nurse is that she only saw him "for about one minute" and did not send him "off-grounds" for treatment on April 11. Fritsch then concedes that the reason Jane Doe Nurse only saw him "for about one minute" that day was because correctional staff pulled him away to attend a pre-scheduled court proceeding—not because she intentionally refused to treat him. Fritsch also alleges no other facts about what Jane Doe Nurse allegedly said or did during that one-minute appointment to show deliberate indifference towards his medical condition. Fritsch therefore fails to state a deliberate indifference claim against Jane Doe Nurse. Finally, Fritsch alleges that Capt. Van Lannen and John Does #1-3 did not allow him to immediately shower upon his request. Fritsch further alleges, however, that he was ultimately allowed to shower about four hours later. A four-hour wait for a shower is not unreasonable given the complexities of prison administration and logistics, along with the fact that Fritsch had a 45-minute court proceeding that he could not

miss during that timeframe. *See Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (noting that "extreme deprivations are required" to state a conditions of confinement claim); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (noting that "routine discomfort[s]" do not suffice to state a conditions of confinement claim.). This was at most a routine discomfort—not an extreme deprivation. Therefore, the Court will dismiss Warden Stevens, Jane Doe Nurse, Capt. Van Lannen, and John Does #1-3 from the case.

## CONCLUSION

The Court finds that Fritsch may proceed on an Eighth Amendment conditions of confinement claim against Sgt. Green in connection with allegations that Fritsch had to use pepper spray/mace covered linens, blankets, and clothing for eight days at the Green Bay Correctional Institution.

**IT IS THEREFORE ORDERED** that Fritsch's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Capt. Van Lannen, Jane Doe Nurse, John Does #1-3, and Warden Stevens are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Fritsch's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Sgt. Green

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Sgt. Green shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

7

**IT IS FURTHER ORDERED** that the agency having custody of Fritsch shall collect from his institution trust account the **$346.39** balance of the filing fee by collecting monthly payments from Fritsch's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Fritsch is transferred to another institution, the transferring institution shall forward a copy of this Order along with Fritsch's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Fritsch is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Fritsch is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Fritsch may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on March 20, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge