# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NICHOLAS DANIEL FRITSCH,**

    **Plaintiff,**

 v.                                            **Case No. 24-CV-1444**

**JAMES GREEN,**

    **Defendant.**

## ORDER

On April 15, 2026, plaintiff Nicholas Daniel Fritsch, who is incarcerated and representing himself, filed a motion for sanctions. (ECF No. 38.) That same day, he filed a sur-reply to defendant James Green's motion for summary judgment. (ECF No. 39.) On April 23, 2026, Fritsch filed a motion to amend the complaint. (ECF No. 43.) On April 30, 2026, he filed a second motion to appoint counsel. (ECF No. 45.) This order resolves these motions.

### MOTION FOR SANCTIONS AND SUR-REPLY (ECF NOs. 38, 39)

Fritsch requests the court sanction Green for submitting the declaration of non-defendant Denielle Larie, which he asserts was perjured. The examples of perjury that he gives are really disputes of facts presented in Green's motion for summary judgment. There is no evidence that Larie lied in her declaration. The court denies his motion for sanctions.

The court notes that Fritsch also filed a sur-reply. District courts are entitled to treat *pro se* submissions leniently, *see Grady v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016), and it appears that the plaintiff made a good faith effort to try to comply with Civil L.R. 7(i). Also, whether to grant a party leave to file a sur-reply brief is a question within the court's discretion. "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011) (citing *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3 626, 631 n. 2 (7th Cir. 2010)). "In some instances, allowing a filing of a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'" *Univ. Healthsystem Consortium v. United Health Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quoting *In re Sulfuric Acid Antitrust Litg.,* 231 F.R.D. 320, 329 (N.D. Ill. 2005)).

In light of Fritsch's motion for sanctions and the clarity the sur-reply provides to Fritsch's response to Green's motion for summary judgment, the court will accept the sur-reply and consider it where appropriate when deciding Green's motion for summary judgment.

### MOTION TO AMEND THE COMPLAINT (ECF NO. 43)

Fritsch seeks to amend the complaint to add two additional defendants. He makes this request after Green's motion for summary judgment was fully briefed. Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the

2

discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

At the outset, Fritsch did not follow Civil Local Rule 15 when moving to amend his complaint. Civil Local Rule 15(a) requires that "[a]ny amendment to a pleading . . . must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil Local Rule 15(b) requires that a motion to amend a pleading "must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend." Fritsch did not include the entire proposed amended complaint with his motion.

However, even if he did, the court would deny his motion. Allowing Fritsch to amend the complaint after Green's motion for summary judgment was fully briefed would unduly prejudice Green.

### SECOND MOTION TO APPOINT COUNSEL (ECF NO. 45)

On April 13, 2026, the court denied without prejudice Fritsch's first motion to appoint counsel because he had not made a reasonable attempt to hire counsel on his own. (ECF No. 37.) In his second motion, Fritsch states that he contacted lawyers to represent him. (ECF No. 46.)

3

The court must now consider "both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering this, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

A motion for summary judgment on the merits is fully briefed in this case. Fritsch's responses appear to be adequate. Recruiting an attorney for Fritsch at this point would be pointless because there is nothing for a lawyer to do. If Fritsch's case survives summary judgment, he may renew his motion.

**IT IS THEREFORE ORDERED** that Fritsch's motion for sanctions (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that the court will **ACCEPT** Fritsch's sur-reply filed April 15, 2026 (ECF No. 39).

4

**IT IS FURTHER ORDERED** that Fritsch's motion to amend the complaint (ECF No. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that Fritsch's second motion for appointment of counsel (ECF No. 45) is **DENIED without prejudice**.

Dated in Milwaukee, Wisconsin this 17th day of June, 2026.

STEPHEN DRIES
United States Magistrate Judge

5